**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

**CASE NO:**

**MOQUITA QUINAN,**
individually and on behalf of all
others similarly situated,                                          **CLASS ACTION**

       Plaintiff,                                          **JURY TRIAL DEMANDED**

v.

**JET LENDING, LLC,**

       Defendant.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff Moquita Quinan brings this class action against Defendant Jet Lending, LLC and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

2.      Defendant offers short term and long-term mortgage loans for real estate investment.

3.      To solicit business, Defendant utilizes prerecorded voice calls without first obtaining the required express written consent.

4.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

1

## JURISDICTION AND VENUE

5.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

6.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

7.      Furthermore, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited prerecorded messages to Plaintiff's cellular telephone number (the "7300 Number"). The 7300 Number includes the area code 281 and is associated with the Houston, Texas area. Plaintiff received such messages on the 7300 Number while residing in and physically present in Texas.

## PARTIES

8.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of Harris County, Texas.

9.      Defendant is a corporation whose principal office is located in Harris County, Texas. Defendant directs, markets, and provides its business activities throughout the state of Texas.

10.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

11.     On or about January 4, 2019, Plaintiff registered for one of Defendant's seminars.

12.     At the time of registration, Plaintiff did not provide Defendant with express written consent to contact her cellular telephone number with prerecorded voice calls.

13.     The registration form completed by Plaintiff contained a box that Plaintiff checked to receive more information about Defendant's services.  Defendant represented to Plaintiff that "By checking this box, you're consenting to receive marketing emails from: [Defendant]."

14.     Defendant's registration form made no mention of prerecorded marketing calls and Plaintiff never agreed or provided consent to receive any such calls from Defendant.

15.     Notwithstanding, over one year later, on or about September 29, 2020, Defendant began calling Plaintiff's cellular telephone ending in 7300 (the "7300 Number") with prerecorded solicitations regarding its loan and mortgage refinance products and related services.  In other words, Defendant's calls were completely unrelated to the seminar for which Plaintiff had provided her number over one year prior.

16.     Defendant called Plaintiff from at least the following phone numbers: 281-872-7800 and 281-389-6511.

17.     When Plaintiff listened to the voice messages, she was easily able to determine that they were prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

18.     At the time Plaintiff received Defendant's prerecorded voice calls, Plaintiff was the subscriber and sole user of the 7300 Number.

19.     Defendant's prerecorded message calls constitute telemarketing/advertising because they promoted Defendant's business and services.

20.     Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district.

21.     Defendant's prerecorded calls violated Plaintiff's substantive rights under the TCPA to be free from unsolicited calls.  Defendant's calls also caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, and inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

3

## CLASS ALLEGATIONS

### PROPOSED CLASS

22.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

23.     Plaintiff brings this case on behalf of the Classes defined as follows:

> **NO CONSENT CLASS PRERECORDED**: All persons in the United States who, within four years prior to the filing of this action, (1) were sent a prerecorded voice call, (2) regarding Defendant's goods, products or services, and (3) for which Defendant failed to secure the called party's express written consent.

24.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

25.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

26.     Upon information and belief, Defendant has placed automated calls and prerecorded messages to telephone numbers belonging to thousands of consumers  throughout the United States without their prior express written consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27.     The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

28.     There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

a)  Whether Defendant made non-emergency calls to Plaintiff's and Class members'

telephones using a prerecorded messages;

b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

c) Whether Defendant's conduct was knowing and willful;

d) Whether Defendant is liable for damages, and the amount of such damages; and

e) Whether Defendant should be enjoined from such conduct in the future.

29.     The common questions in this case are capable of having common answers because Plaintiff and the Class members have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

30.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

31.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

32.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

33.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example,

one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(a)**
**(On Behalf of Plaintiff and No Consent Class Prerecorded)**

34.     Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

36.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

37.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

38.     Defendant transmitted calls using prerecorded messages to call the telephone numbers of Plaintiff and members of the putative class without their prior express written consent.

39.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA, and §§ 64.1200(a)(1)(iii) and 64.1200(a)(2) by using prerecorded messages to make non-emergency telephone

calls to the telephones of Plaintiff and the other members of the putative Class without their prior express written consent.

40.     Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

41.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b)  An award of actual and statutory damages for Plaintiff and each member of the Class;

c)  As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d)  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

f)  An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first, and to otherwise protect the interests of the Class;

g)  Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Respectfully submitted,

Dated: July 15, 2021.

By: */s/ Andrew J. Shamis*
**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
(t) (305) 479-2299
(f) (786) 623-0915


Ignacio Hiraldo, Esq.
IJhiraldo@Hiraldolaw.com
**IJH Law**
1200 Brickell Ave.
Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469
*Pro Hac Vice to be filed*

*Attorneys for Plaintiff and the Proposed Class*