United States District Court
Southern District of Texas
**ENTERED**
March 10, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOQUITA QUINAN, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-02296 |
| | § § | |
| JET LENDING, LLC, | § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant Jet Lending, LLC's Motion to Dismiss (Doc. No. 12). Plaintiff Moquita Quinan filed a response (Doc. No. 13), Defendant filed a reply (Doc. No. 14), and Plaintiff filed a sur-reply (Doc. No. 18). After considering the motion, briefing, and applicable law, the Court denies the motion to dismiss.

### I. Background

Plaintiff Moquita Quinan ("Quinan" or "Plaintiff") filed this putative class action lawsuit against Defendant Jet Lending, LLC[1] ("Defendant" or "Jet Lending") for alleged violations of the Telephone Consumer Protection Act ("TCPA") and federal regulations. According to the allegations in the first amended complaint (Doc. No. 11), Jet Lending is a Texas business that sells loan and mortgage refinance products and related services. Jet Lending allegedly uses prerecorded voice calls to solicit business from consumers without their consent.

On January 4, 2019, Plaintiff registered for one of Defendant's seminars. As part of the registration form, Plaintiff provided Defendant her cell phone number but did not provide Defendant consent to contact her with telemarketing calls. Nevertheless, over a year later on

---

[1] Defendant's name is erroneously spelled "Jet Landing, LLC" in ECF.

September 29, 2020, Jet Lending began contacting Plaintiff's cell phone number with prerecorded solicitations promoting its business and services. As a result of these prerecorded calls, Plaintiff allegedly experienced harm in the form of invaded privacy, aggravation, annoyance, inconvenience, and disruption in her daily life.

Plaintiff filed this lawsuit against Jet Lending, alleging violations of the TCPA and Federal Communications Commission (FCC) regulations on behalf of herself and all others similarly situated.[2] (Doc. No. 11). The class she seeks to represent is all persons within the United States whom, since September 2, 2017, Jet Lending "called using an artificial or prerecorded voice . . . for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services." (*Id.* at 4). Defendant timely moved to dismiss under Federal Rules of Procedure 12(b)(1) and 12(b)(6). (Doc. No. 12).

## II. Legal Standards

### A. Rule 12(b)(1)

A court must dismiss a suit for lack of subject matter jurisdiction under Rule 12(b)(1) where it lacks the statutory or constitutional power to adjudicate the case. FED. R. CIV. P. 12(b)(1); *see also Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Where "a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit [and] the defendant submits affidavits, testimony, or other evidentiary materials," the plaintiff is also "required to submit facts through some evidentiary method." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (delineating the difference between a "facial attack"

---

[2] The TCPA prohibits using "an artificial or prerecorded voice to deliver a message" to "any residential telephone line" without prior consent. 47 U.S.C. § 227(b)(1)(B). To enforce these provisions, the TCPA creates a private right of action. *Id.* § 227(b)(3) (authorizing "[a] person" to bring "an action based on a violation of [the TCPA] or the regulations prescribed [thereunder]" to "enjoin such violation," to "recover for actual monetary loss from such a violation, to "receive $500 in damages for each such violation," or to seek both damages and injunctive relief).

2

and a "factual attack" to subject matter jurisdiction in a motion to dismiss). In a "factual attack," the plaintiff also has the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.* The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

B. Rule 12(b)(6)

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual

allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.   Discussion

Defendant moves to dismiss Plaintiff's complaint on three bases: (1) failure to allege injury-in-fact sufficient to confer subject matter jurisdiction; (2) failure to allege the calls were prerecorded; and (3) failure to sufficiently allege class action requirements are met.

As an initial matter, Plaintiff contends that Defendant's second and third arguments for dismissal should be disregarded because Jet Lending failed to raise them in its prior motion to dismiss, which argued for dismissal based on lack of subject matter jurisdiction only. Jet Lending's previous motion to dismiss (Doc. No. 9) was mooted by Plaintiff's subsequent filing of her first amended complaint (Doc. No. 11).

Rule 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). In turn, Rule 12(h)(2) states that a party may raise the defense that the other party has failed to state a claim upon which relief may be granted through a pleading recognized in Rule 7(a), a motion for judgment on the pleadings, or at trial. FED. R. CIV. P. 12(h)(2).

Defendants contend that the Court should consider its second and third arguments because it could just reassert the arguments in a motion for judgment on the pleadings, which Rule 12(h)(2) specifically exempts from Rule 12(g)(2). The Court agrees and chooses to evaluate all of Defendant's arguments now for purposes of judicial efficiency. *See Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 686 (5th Cir. 2017) (citing *Nationwide Bi-Weekly Admin. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2017)).

A. <u>Lack of Subject Matter Jurisdiction</u>

Jet Lending argues that the Court lacks subject matter jurisdiction over this case because Plaintiff does not have Article III standing to sue Defendant. (Doc. No. 12, at 5). Article III standing requires that a plaintiff have: "(1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). Injury in fact is the "first and foremost" of standing's three elements. *Id.* (quoiting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103, 118 (1998)). To establish injury in fact, a plaintiff must show "that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339 (cleaned up).

Jet Lending challenges Plaintiff's allegation that she suffered an injury in fact. Specifically, it argues that Plaintiff suffered no injury because she consented to receiving prerecorded calls from Jet Lending. The TCPA prohibits prerecorded calls made without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). Jet Lending asserts Quinan provided such consent because when she signed up to register for the Jet Lending seminar via online form, she provided her phone number and checked a box to receive more information about Defendant's services. According to the declaration of one of Jet Lending's officers, this checkbox expressly stated, "Yes, I would like to receive more information about your services." (Doc. No. 12-1, Declaration of Alex Buriak, at 2).

> Paragraph 13 of Plaintiff's complaint plainly states:
>
> The registration form completed by Plaintiff contained a box that Plaintiff checked to receive more information about Defendant's services. *Defendant represented to*

5

*Plaintiff that "By checking this box, you're consenting to receive marketing emails from: [Defendant]."*

(Doc. No. 11, at 3) (emphasis added) (alteration in original). None of the evidence that Defendant attached in support of its motion rebuts Quinan's allegation that she did not consent to receiving prerecorded phone calls.³ Plaintiff has met her burden of proof of establishing subject-matter jurisdiction by sufficiently alleging that she did not consent to the prerecorded phone calls and thereby showing injury in fact.

B. <u>Failure to State a Claim</u>

*1. Prerecorded Voice*

Jet Lending next argues that Quinan's claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because her complaint "provides no factual allegations suggesting that the voice on the other end of the line was prerecorded." (Doc. No. 12, at 6). Plaintiff's complaint plainly states that Jet Lending called her, and that "[w]hen Plaintiff listened to the voice messages, she was easily able to determine that they were prerecorded." (Doc. No. 11, at 3). Defendant contends that Quinan was required to plead additional, independent facts for why she believed the call was prerecorded. Defendant suggests, for example, Quinan's complaint could have described the robotic sound of the voice on the other line, the lack of human response by the "person" calling her, or the generic content of the message.

The Court concludes that Plaintiff's statement that the calls were "prerecorded" is a factual allegation sufficient to state a claim. *See Rahn v. Bank of Am., N.A.*, Case No. 1:15-CV-4485-ODE-JSA, 2016 WL 7325657, at *4 (N.D. Ga. June 24, 2016) ("When one receives a call, it is a

---

³ Defendant contends that since it submitted evidentiary materials in support of its Rule 12(b)(1) motion in a "factual attack" under *Paterson v. Weinberger*, 644 F.2d 251 (5th Cir. 1981), Plaintiff was required to do so as well. (Doc. No. 14, at 4). The Court disagrees here. "Merely attaching affidavits and the like does not create a factual attack unless those affidavits contradict or challenge a fact necessary for jurisdiction." *Compass Bank v. Veytia*, No. EP-11-CV-228-PRM, 2011 WL 6046530, at *4 (W.D. Tex. Dec. 5, 2011). Otherwise, the rule would effectively change a motion to dismiss into a motion for summary judgment.

clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message. . . . Thus, that Plaintiff states he received calls containing 'prerecordings' is a factual allegation for purposes of the pleading standards, and not a bare legal conclusion.").

### 2. *Class Action Allegations*

Finally, Jet Lending contends that her class allegations must be dismissed because the numerosity prerequisite of Federal Rule 23 is not met. The numerosity prerequisite is met when joinder of all members is impracticable. FED. R. CIV. P. 23(a)(1). Plaintiffs may not merely make an allegation that the class is too numerous to make joinder impracticable without some evidence or reasonable estimate of the number of purported class members. *Pederson v. Louisiana State University*, 213 F.3d 858, 868 (5th Cir. 2000). However, Plaintiff need not establish the exact number of potential class members to meet the numerosity requirement. *Smith v. Texaco, Inc.*, 88 F.Supp.2d 663, 674 (E.D. Tex. 2000).

Paragraph 27 of Plaintiff's complaint states "Plaintiff does not know the number of members in each [sic] the Class but believes the Class members number in the several thousands, if not more." (Doc. No. 11, at 4). Defendant contends it is insufficient for Quinan to allege that other class members exist on the basis of her "subjective belief" rather than specific facts (Doc. No. 12, at 8). The Court finds that Plaintiff alleges such specific facts elsewhere in her complaint. For example, she states that "Defendant has placed automated calls and prerecorded messages to telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent." (Doc. No. 11, at 4). This is more than sufficient to allege numerosity, at least in the context of a motion to dismiss. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (observing that though the number of class members alone is

7

not determinative of whether joinder is impracticable, a class consisting of 100 to 150 members is within the "range that generally satisfies the numerosity requirement").

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 12) is **DENIED**.

Signed at Houston, Texas, this 10th day of March, 2022.

Andrew S. Hanen
United States District Judge